IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-128-BO

| | |
|---|---|
| SMD HOSPITALITY, LLC, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| | ) |
| A ROYAL TOUCH, INC., | ) |
| | ) |
| Respondent. | ) |

This cause comes before the Court on movant's motion to confirm an arbitration award. [DE 5]. The motion is ripe for disposition. For the reasons that follow, movant's motion to confirm the arbitration award [DE 5] is GRANTED.

## BACKGROUND

Movant, SMD Hospitality, LLC, is a Texas limited liability company that owns a Holiday Inn hotel in Addison, Texas. [DE 5-1, p. 1]. Respondent, A Royal Touch, Inc., is a North Carolina corporation that, in December 2016, agreed to provide various furnishings for the Addison Holiday Inn. [DE 5-1, p. 1–3]. Following various disputes about the contract and its performance, the parties submitted to arbitration before the American Arbitration Association (AAA) in March 2018. [DE 5].

On February 27, 2019, the arbitrator awarded movant $595,258.03, with post-judgment interest set at 8% per annum, as well as $5,600.00 in attorneys' fees and expenses. *Id.* In April 2019, movant filed the instant motion to confirm the arbitration award. [DE 5]. Respondent has not timely responded to the motion and it is now ripe for disposition.

DISCUSSION

Arbitration "is a major factor in achieving industrial peace, a vital force in establishing confidence and minimizing confusion at all levels of the labor-management relationship and a major constructive force in the collective bargaining process itself." *Richmond, Fredericksburg & Potomac R. Co. v. Transp. Commc'ns Int'l Union*, 973 F.2d 276, 278 (4th Cir. 1992) (internal quotations and alterations omitted). Accordingly, "judicial review of an arbitration award must be an extremely narrow exercise." *Long John Silver's Rests., Inc. v. Cole*, 514 F.3d 345, 351 (4th Cir. 2008). In fact, it is "among the narrowest known to law." *U.S. Postal Serv. v. Am. Postal Workers Union, AFL-CIO*, 204 F.3d 523, 527 (4th Cir. 2000).

A district court is not authorized to review the merits of an arbitrator's decision, but "is limited to determining whether the arbitrators did the job they were told to do—not whether they did it well, correctly, or reasonably, but simply whether they did it." *Remmey v. PaineWebber, Inc.*, 32 F.3d 143, 146 (4th Cir. 1994) (quotation and citation omitted). The limited appellate review reflects a strong policy favoring arbitration as an alternative to litigation. *Id.* at 145. "[T]he reviewing court's task is to enforce the bargained-for decision of the arbitrator and not to evaluate the arbitrator's factual findings or legal analysis." *Richmond, Fredericksburg & Potomac R.R. Co. v. Transp. Commc'ns Int'l Union*, 973 F.2d 276, 281 (4th Cir. 1992). "Any more probing review of arbitral awards would risk changing arbitration from an efficient alternative to litigation into a vehicle for protracting disputes." *Wachovia Secs., L.L.C. v. Brand*, 671 F.3d 472, 478 n.5 (4th Cir. 2012).

Movant's motion to confirm the arbitration award must be granted. There is no indication of any defect in the arbitration proceedings, and in light of the narrow scope of review of arbitration decisions, the Court finds that the arbitration award should be confirmed. Respondent is therefore

ordered to pay movant $595,258.03, plus post-judgment interest of 8% per annum, as well as $5,600.00 in costs and fees. Further, as the prevailing party under Federal Rule of Civil Procedure 54(d)(1), movant is awarded an additional $400.00 in costs for this action, for a total of $6,000.00 in costs and fees. *See Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir. 1994) (noting that Rule 54(d)(1) "gives rise to a presumption in favor of an award of costs to the prevailing party").

## CONCLUSION

For the above reasons, movant's motion to confirm the arbitration award [DE 5] is GRANTED and the arbitration award is CONFIRMED. Respondent is ORDERED to pay $595,258.03, plus post-judgment interest of 8% per annum, as well as $6,000.00 in costs and fees.

SO ORDERED, this 17 day of June, 2019.

*[signature]*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE